IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| A.K.H.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:24-CV-1263-BR |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff, proceeding *pro se*, filed this action on December 27, 2024 to initiate judicial review of a Social Security Administration decision denying benefits under the Social Security Act. (ECF 1). On January 2, 2025, the undersigned[2] issued a Scheduling Order requiring Defendant, the Commissioner of Social Security, to respond to Plaintiff's Complaint on or before February 25, 2025. (ECF 5 at 1). That Scheduling Order also provided thirty days after Defendant's answer for Plaintiff to file a brief "setting forth all errors that Plaintiff contends entitle Plaintiff to relief." (*Id.* at 2).

Now before the Court is Defendant's February 21, 2025 Motion to Dismiss. (ECF 11). Defendant moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure

---

[1] It is the undersigned's practice to identify the plaintiff using only the first and last initial in filings in social security disability cases. This ensures that the public maintains access to the opinions (in compliance with Rule 5.2(c)(2)(B) of the Federal Rules of Civil Procedure and the E-Government Act of 2002) while still protecting the privacy of non-government parties' identities within the opinion.

[2] Pursuant to the Northern District of Texas Special Order No. 30-350 (Sep. 11, 2023), this case was originally assigned to the undersigned United States Magistrate Judge to serve as presiding judge, with parties instructed to inform the Court if they intended to withhold consent to disposition by magistrate judge. (*See* ECF 2, 3).

12(b)(6) on the grounds that Plaintiff's Complaint was not filed by the applicable deadline. (*Id.* at 1). Plaintiff responded to Defendant's Motion on February 23, 2025. (ECF 12). After reviewing the filings of the parties and the applicable law, for the following reasons, the Court finds the Motion should be GRANTED.

I.     APPLICABLE LAW

Under the Social Security Act (the "Act"), a person may qualify for benefits (like supplemental security income or disability insurance) if they are disabled. *E.g.*, 42 U.S.C. §§ 423(a)(1). When the Social Security Administration (the "SSA") makes a final, unfavorable decision on a person's application for benefits, the Act allows applicants to have that decision reviewed by a United States District Court. 42 U.S.C. §§ 405(g). The lawsuits that result, like this one, are controlled by the Federal Rules of Civil Procedure, and by the specific rules created to supplement them for only these cases. FED. R. CIV. P. SUPP. R. SOC. SEC. (1)(a)–(b).

The Act only allows a person who has received an unfavorable Social Security decision to seek review in the Courts "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The SSA considers this sixty-day clock to begin when the person receives the notice, which it presumes will happen within five days after the notice is sent to the person. 20 C.F.R. § 422.210(c).

The requirement that the lawsuit commence within sixty days stems from the general rule of sovereign immunity. The federal government of the United States, which includes the Commissioner of Social Security and the Social Security Administration, cannot be sued in Court unless the United States Congress allows it. *Block v. N.D.*, 461 U.S. 273, 287 (1983). In the Act, Congress has waived sovereign immunity, but only for lawsuits commenced within sixty days. 42 U.S.C. § 405(g); *see Bowen v. New York*, 476 U.S. 467, 478 n.10 (1986).

Congress allows the Commissioner of Social Security to extend this sixty-day waiver. 42 U.S.C. § 405(g); *Bowen*, 476 U.S. at 479. If the Commissioner declines to do so, Courts can only extend or "toll" the deadline through their inherent and discretionary powers of equity. Equitable tolling is available when a litigant has diligently pursued some legal right, but has been obstructed by some extraordinary circumstance beyond their control. *Menominee Indian Tribe v. United States*, 577 U.S. 250, 255–57 (2016); *accord Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 208 (5th Cir. 2025). Without an extension from either the Commissioner or the Court, a suit commenced after the sixty-day period is barred by sovereign immunity.

The Federal Rules of Civil Procedure establish that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. They also clarify that "[a] paper not filed electronically is filed by delivering it[.]" FED. R. CIV. P. 5(d)(2). Together, these rules mean that the deadline established by the Act is the deadline for a person's complaint to be delivered to the Court in which they seek review. With the exception of incarcerated persons, whose papers are deemed filed when they deliver them to prison authorities, this rule of timing applies to everybody, including *pro se* plaintiffs. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *see generally Houston v. Lack*, 487 U.S. 266 (1988) (creating the so-called "prison mailbox rule" under rules of procedure not applicable to this proceeding).

The Federal Rules of Civil Procedure provide that periods of time are measured by "exclud[ing] the day of the event that triggers the period; count[ing] every day, including intermediate Saturdays, Sundays, and legal holidays; and includ[ing] the last day of the period[.]" FED R. CIV. P. 6(a)(1)(A)–(C). They also provide that when the last day falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." *Id.* at 6(a)(1)(C). For example, if the sixtieth day after a person

receives notice of an unfavorable Social Security decision is a Saturday, they are automatically given until the end of the next business day to file their complaint. The Rules list what counts as a "legal holiday," and it includes Christmas Day and others. *Id.* at 6(a)(6).

Finally, the Federal Rules of Civil Procedure allow for dismissal of a complaint when that complaint fails to state a claim for which relief can be granted. FED. R. CIV. P. 12(b)(6). Among other reasons, a complaint may fail to state a claim for relief due to legal insufficiency of the allegations it includes. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385-6 (5th Cir. 2017). For example, if there is a law that says people in a certain situation cannot succeed in their lawsuit, and the complaint shows the plaintiff to be in that situation, then the complaint fails to state a claim for relief.

Ordinarily, when deciding whether to dismiss a complaint under Rule 12(b)(6), the Court only considers evidence and statements that are contained within the complaint and any documents the plaintiff attached to it. If the Court needs to look to other matters to make a determination on dismissal, the rules require the Court to treat them under the framework of summary judgment, and to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d).

Summary judgment is controlled by Rule 56. That Rule requires the Court to rule on claims and defenses if "there is no genuine dispute as to any material fact" such that one party is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is non-genuine if no reasonable factfinder could return a verdict for one side, and is immaterial if its resolution does not affect the outcome of the action. *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003) *and Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

## II.  ANALYSIS

Defendant moves the Court to dismiss Plaintiff's lawsuit because the SSA Appeals Council notified her by mail sent October 17, 2024 that it was denying her application, which was more than sixty-five days before Plaintiff commenced this lawsuit. (ECF 11 at 2). To prove this, Defendant submitted a declaration made under penalty of perjury by an official employed at the SSA. (*Id.* at 10–13). Defendant also included a copy of the notice and a copy of the most recent unfavorable decision by an Administrative Law Judge (an "ALJ"), the decision that was being upheld by the Appeals Council. (*Id.* at 14–38). Because these submissions were not included in the pleadings, the Court must convert Defendant's Motion to one for summary judgment.

Plaintiff, in her response, avers that she did not receive the notice from the Appeals Council until Friday, October 25, 2024, and that she deposited her Complaint with the United States Postal Service on Monday, December 23, 2024. (ECF 12 at 1–2). She argues this was timely, beginning with the provision included in the notice, that "[t]he 60 days start the day after you receive this letter." (*Id.*; *accord* ECF 11 at 35). Accordingly, she starts with Saturday, October 26, 2024, and counting sixty days from there, finds the sixtieth day was Christmas Day, December 25, 2024. (ECF 12 at 2). Because Christmas Day is a legal holiday, she reasons that her deadline fell on December 26, 2024. (*Id.*). Finally, Plaintiff notes a Texas Rule of Civil Procedure allowing that a document postmarked before a deadline and received within ten days of the deadline will be deemed timely filed. (*Id.*); *see* Tex. R. Civ. P. 5.[3] Because her Complaint was mailed before December 26, and was received by the Court December 27, 2024, less than ten days after December 26, Plaintiff concludes that it was timely filed. (ECF 12 at 2).

---

[3] Plaintiff specifically refers to Texas Rule of Civil Procedure 500.5(b), which is the rule of practice in Texas Justice Courts. Rule 5 provides the same thing for practice in Texas State Courts generally.

Plaintiff's analysis contains two errors. The first, which would not be fatal on its own, is measuring the sixty-day period by counting sixty days after Saturday, October 26, the day after she received the notice. The provision in the notice from the SSA, that "[t]he 60 days start the day after you receive this letter[,]" accurately reflects the principle more precisely stated in the Federal Rules of Civil Procedure; when measuring a period, you exclude the day of the triggering event and count every day after it. FED. R. CIV. P. 6(a)(1)(A)–(B). In other words, Saturday, October 26 was "Day One" of the period, but Plaintiff treats it as "Day 0" instead. Accordingly, the actual last day of the sixty-day period was Tuesday, December 24.[4]

Plaintiff's fatal error is relying on the Texas Rules of Civil Procedure, which do not apply in federal court. Plaintiff placed her Complaint in the mailbox December 23, it was postmarked December 24, and it was received by the Court December 27. (ECF 12 at 2; *see also* ECF 1 at 11). Because Plaintiff is not incarcerated, the only of these dates that concerns the Court is the last one. Because Plaintiff's complaint was not filed electronically, it was filed when it was delivered to the Court, and her lawsuit commenced December 27. FED. R. CIV. P. 3, 5(d)(2)(A).

There is no evidence before the Court that Plaintiff requested an extension from the Commissioner. The Motion to Dismiss in this case indicates that the Commissioner declines to extend the limitations period now. (*See* ECF 11 at 6–8). There is also no evidence in the record that Plaintiff was prevented from timely bringing her suit by any extraordinary circumstance outside of her control. Instead, it appears that she simply misunderstood the applicable rules and miscalculated the deadline. As courts have often held in prisoner cases, this is not sufficient justification for equitable tolling, even for pro se plaintiffs. *E.g.*, *Howland v. Quarterman*, 507

---

[4] This is one day after the last day that would have applied under the SSA's five-day presumption; the notice was mailed October 17, and the sixty-fifth day after that was Saturday, December 21, which then extends to Monday, December 23.

F.3d 840, 845 (5th Cir. 2007) (regarding a pro se prisoner's mistaken belief that the Texas mailbox rule applied to his state habeas corpus application).

Reviewing the evidence Plaintiff submitted in the light most favorable to her, no reasonable factfinder could dispute that she received notice of the Commissioner's unfavorable decision October 25, or that she commenced this suit to challenge that decision on December 27. Because the latter date is more than sixty days after the earlier date, and there is nothing extending the Act's waiver of sovereign immunity in this case, the Commissioner is entitled to judgment as a matter of law.

### III.  CONCLUSION

Accordingly, Defendant is entitled to summary judgment on Plaintiff's claims. Having reviewed Defendant's Motion (ECF 11) and the applicable law, the undersigned finds the Motion should be GRANTED. The Court will separately issue judgment accordingly.

IT IS SO ORDERED.

ENTERED July 11, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE